**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-29-BLG-BMM |
| Plaintiff/Respondent, | |
| vs. | **ORDER GRANTING § 2255 MOTION AND SETTING RE-SENTENCING** |
| RICARDO ANDRE ROSS, | |
| Defendant/Movant. | |

This matter comes before the Court on Defendant/Movant Ross's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Ross seeks relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

## I. Background

The Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), mandates a fifteen-year minimum sentence and authorizes a maximum sentence of life in prison if a defendant convicted of being a felon in possession of a firearm has three previous convictions for a serious drug offense or a violent felony. If the defendant does not

have three qualifying convictions, the ACCA does not apply, and the defendant faces a maximum sentence of ten years in prison.  *See* 18 U.S.C. § 924(a)(2).

On April 18, 2013, Ross was indicted on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) (Count 1); one count of possessing methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2); and one count of possessing a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).  As to Count 1, the indictment recited the penalties that would apply if Ross was "an armed career criminal."  *See* Indictment (Doc. 1) at 1; Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").  Assistant Federal Defender Steve Babcock was appointed to represent him.  Order (Doc. 8).

The parties reached a plea agreement.[1]  As relevant here, Ross agreed to plead guilty to Count 1.  The United States agreed to dismiss Counts 2 and 3 and to seek a three-level reduction in Ross's offense level for his acceptance of responsibility.  Plea Agreement (Doc. 24) at 2 ¶ 2, 3 ¶ 3, 8 ¶ 6.  On November 15, 2013, Ross pled guilty to Count 1.  Minutes (Doc. 29).

---

[1]      In the agreement, Ross waived "his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255," except as to "facts not known or reasonably capable of being known at the time of his entry of guilty plea" or allegations of ineffective assistance of counsel.  Plea Agreement (Doc. 24) at 9 ¶ 8 para. 3.  If Ross's prior convictions did not qualify him as an armed career criminal, his sentence exceeded the permissible statutory penalty for his crime.  *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007); Resp. to § 2255 Mot. (Doc. 65) at 7-8.  The waiver likely is not enforceable under these circumstances. The United States did not raise, and so waives, a defense based on the waiver.  *See* Order (Doc. 48) at 1 ¶ 1.

A presentence report was prepared.  Based on Ross's prior convictions, his base offense level under U.S.S.G. § 2K2.1(a)(2) was 24.  He received a four-level increase for possessing a firearm in connection with another felony offense. Presentence Report ¶¶ 17, 18.  His adjusted offense level was elevated from 28 to 33 by operation of the Guidelines' armed career criminal provision, U.S.S.G. § 4B1.4.  He received a three-level reduction for acceptance of responsibility for a total offense level of 30.  Presentence Report ¶¶ 23-26.  His criminal history category was VI.  His advisory guideline range was 168 to 210 months, but the fifteen-year statutory mandatory minimum altered the guideline range to 180 to 210 months.  Ross was sentenced to serve 180 months in prison, to run consecutive to his Montana felony conviction for partner or family member assault, and to be followed by a five-year term of supervised release.  Minutes (Doc. 39); Judgment (Doc. 40) at 2-3.

Ross did not appeal.  His conviction became final on March 6, 2014.  *See Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

On June 26, 2015, the United States Supreme Court held that a certain phrase in the Armed Career Criminal Act ("ACCA") was so vague that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2557 (2015).

On June 15, 2016, within one year of the Court's decision in *Johnson*, Ross

filed his § 2255 motion, claiming an entitlement to relief under that decision.  *See*

*Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) (making *Johnson*

retroactively applicable to cases on collateral review); 28 U.S.C. § 2255(f)(3).


## II. Analysis

As the United States points out, Ross had two prior convictions for a serious

drug offense.  Ross was charged and sentenced in one proceeding with two drug

offenses.  The ACCA considers whether the two offenses were "committed on

occasions different from one another."  18 U.S.C. § 924(e)(1).  One was committed

on September 16, 1999.  Ross was arrested for that offense and conditionally

released the following day.  On September 19, 1999, he committed the second drug

offense.  *See* Presentence Report ¶ 46; *see also* Kitsap County Second Am.

Information (Doc. 49-2) at 1-2; Kitsap County Judgment (Doc. 49-1) at 1; *compare*

*United States v. McElyea*, 158 F.3d 1016, 1018-21 (9th Cir. 1998); *cf. United*

*States v. Rodriquez*, 553 U.S. 377, 380-81, 383 (2008).

Consequently, if Ross had any other conviction constituting a "violent

felony," he remains, despite *Johnson*, subject to sentencing under the ACCA.  Only

one conviction appears to be at issue:[2]  a conviction for felony partner or family

member assault ("PFMA"), a violation of Mont. Code Ann. § 45-5-206(1)(a)

---

[2]         Ross was also convicted of rape under Virginia law in 1990.  The United States does
not contend that the rape conviction was a "violent felony."  *See* Answer (Doc. 49) at 20-21.

(2007).  *See* Yellowstone County Information (Doc. 49-4) at 1-2;  Yellowstone County Judgment (Doc. 49-3) at 1; Presentence Report ¶ 50.  Ross claims this crime fails to meet the federal definition of a "violent felony."  The United States disagrees.

### A.  "Violent Felony"

After *Johnson*, the ACCA in effect defines a "violent felony" as a felony that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, [or] involves use of explosives[.][3]

18 U.S.C. § 924(e)(2)(B).

Assault is neither listed among, nor included within, any of the enumerated offenses in subsection (ii).  The question is whether Ross's felony PFMA conviction meets the elements of the "force clause" in subsection (i).

To meet the force clause, the offense in question must require the state to prove the defendant used "*violent* force—that is, force capable of causing physical pain or injury to another person," *Johnson v. United States*, 559 U.S. 133, 140

---

[3]          The text of § 924(e)(2)(B)(ii) includes, after the word "explosives," the clause "or otherwise involves conduct that presents a serious potential risk of physical injury to another." That is the phrase *Johnson* held to be unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2563. Since the Court may not rely on the clause, it is omitted from the definition given here.

(2010) ("*Johnson I*")[4] (emphasis in original), as opposed to mere common-law force, which included even "offensive touching," *id.* at 139.  Further, an offense may qualify only if it requires proof the defendant actively employed force, as opposed to setting force in motion accidentally or negligently or possibly even recklessly.[5]  *See Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (interpreting 18 U.S.C. § 16(a)); *Johnson I*, 559 U.S. at 140 (applying reasoning of *Leocal* to force clause of ACCA).

The facts of the defendant's conviction are "quite irrelevant," *Moncrieffe v. Holder*, __ U.S. __, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks omitted).  Federal courts consider only "what the state conviction necessarily involved," as if every conviction "'rested upon nothing more than the least of the acts' criminalized" by the state statute, *id.* (quoting *Johnson I*, 559 U.S. at 137).  In other words, the force element must be met in every realistic instance of conviction under the state statute.  For this reason, case law from the appropriate jurisdiction applying the statute to specific acts can be useful in determining whether the

---

[4]      The 2010 decision in Curtis Johnson's case is not related to the 2015 decision in Samuel Johnson's case.  But, for convenience, the 2010 decision will be referred to as *Johnson I*.

[5]      In the Ninth Circuit, as in at least some others, a felony that can be committed by reckless conduct cannot meet the elements clause.  *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-32 (9th Cir. 2006) (en banc) (applying *Leocal* to 18 U.S.C. § 16(a) and 8 U.S.C. § 1227(a)(2)(E)(i) and holding that a "crime of violence" is committed only by intentional or knowing conduct, not by reckless conduct); *United States v. Lawrence*, 627 F.3d 1281, 1284 & n.3 (9th Cir. 2010) (applying *Fernandez-Ruiz* to the force clause of the ACCA to exclude felonies that can be committed recklessly).  The current rule may be altered in light of the Supreme Court's reasoning in *Voisine v. United States*, __ U.S. __, 136 S. Ct. 2272, 2278-80 (2016).  But no part of the decision in this case depends on whether a felony committed recklessly can or cannot be a "violent felony."

elements of the state statute meet the elements of the federal definition of a

"violent felony." *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

### B.  Partner or Family Member Assault

Under Montana law, a person commits the offense of partner or family

member assault if the person:

(a)    purposely or knowingly causes bodily injury to a partner or
family member;

(b)    negligently causes bodily injury to a partner or family member
with a weapon; or

(c)    purposely or knowingly causes reasonable apprehension of
bodily injury in a partner or family member.

Mont. Code Ann. § 45-5-206(1) (2007).  The offense is a misdemeanor, but two

prior convictions elevate the third or any subsequent offense to a felony.  *Id.* § -

206(3)(iv).  *See Rodriquez*, 553 U.S. 377, 382-84 (2008).

Although the Information charged Ross under subsection (1)(a), the

Judgment does not specify the subsection or elements, and the United States

submitted no documents regarding Ross's guilty plea.  It is not necessarily clear

that Ross pled guilty to subsection (a).  The Court must consider subsection (a),

however, as he could have been convicted under that subsection.

Notably, the Montana statute does not explicitly require the State to prove

the defendant used force at all.  Instead, Montana law focuses on the injury the

defendant causes.  Thus, the question here is whether the State, in proving the

defendant caused bodily injury, will necessarily, in every realistic instance of conviction under the Montana statute, also prove the defendant used or attempted or threatened to use physical force.  Or, more succinctly, is every instance of "bodily injury," as defined by state law, caused by the use or attempted or threatened use of physical force, as defined by federal law?

The term "bodily injury" means "physical pain, illness, or an impairment of physical condition," and it "includes mental illness or impairment."  Mont. Code Ann. § 45-2-101(5).  A use or attempt or threat to use physical force might, as the United States points out, cause mental illness or impairment.  On the other hand, subjecting someone to a public tirade of insults or emotional abuse also could cause mental illness or impairment.  A victim's humiliation or degradation might cause difficulty sleeping, anxiety severe enough to warrant medication, or even long-term psychological harm.  Because "bodily injury" includes "mental illness or impairment," conduct of this sort would support a finding of "bodily injury" under Montana law.  Thus, a conviction for partner or family member assault would likely be sustained even where a defendant did not deploy or attempt or threaten to deploy "force capable of causing physical pain or injury."  *Johnson I*, 559 U.S. at 140.

The Court has found no Montana decision directly on point.  Other cases support this interpretation.  In two decisions regarding a defendant's motion for

8

release from involuntary commitment, the Montana Supreme Court held that the

continuing detention of a defendant convicted of, and committed for, stalking was

justified, because his release was likely to cause serious mental consequences to

his victim.  To continue the defendant's detention, the State was required to prove

his release presented a substantial risk of either "serious bodily injury" or "an

immediate threat of physical injury."  *See State v. Cooney*, 963 P.2d 1272, 1273-74

¶¶ 7-14 (Mont. 1998); Mont. Code Ann. § 46-14-301(3)(a), (b); *see also State v.*

*Cooney*, 1 P.3d 956, 957-58 ¶¶ 6-12 (Mont. 2000).  "Serious bodily injury," like

"bodily injury," includes mental illness or impairment (albeit of a more serious

nature).  Because mental injury to the victim was sufficient, the State was not

required to prove, on any standard, that the defendant was likely to have any

physical contact with the victim, much less that he was likely to use or attempt or

threaten to use force capable of causing her physical pain.

Additionally, in *State v. Sherer*, 60 P.3d 1010 (Mont. 2002), the defendant

telephoned the victim and encouraged her to seriously injure herself.  In explaining

that the aggravated assault statute did not require the State to prove the defendant

used force, the Montana Supreme Court reasoned that "any form of

communication, itself, may be sufficient conduct" for a defendant to cause serious

bodily injury under Montana law.  *Id*. at 1013 ¶ 21.  And, in *State v. Mason*, 82

P.3d 903 (Mont. 2003), the Montana Supreme Court agreed that a defendant may

be a "violent felony offender" if he "causes serious bodily injury to another" in the form of "a serious mental health condition," although under the circumstances of the case it found no evidence that the defendant caused the victim to develop such a condition.  *Id.* at 910 ¶¶ 35-36.

Because Montana law defines "bodily injury" to include "*mental* illness or impairment," the State need not prove, as an element in *every* case of partner or family member assault, that the defendant used or attempted or threatened to use "force capable of causing *physical* pain or injury" as used in the ACCA and interpreted by *Johnson I*.  Categorically, therefore, partner or family member assault under Mont. Code Ann. § 45-5-206(1) is not a violent felony.

### C.  Conclusion

Ross's felony conviction for partner or family member assault does not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B).  He does not qualify as an armed career criminal.  His motion under 28 U.S.C. § 2255 must be granted, and he must be re-sentenced.  A certificate of appealability is not necessary as this decision is not "adverse to the applicant."  Rule 11(a), Rules Governing § 2255 Proceedings.

This decision means only that Ross is not subject to sentencing as an armed career criminal.  His new sentence will be determined by applying 18 U.S.C. § 3553(a) and, except as limited by *Peugh v. United States*, __ U.S. __, 133 S. Ct.

10

2072 (2013), the 2016 Sentencing Guidelines.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Ross's motion to vacate, set aside, or correct his sentence (Doc. 47) is GRANTED.

2.  The Judgment entered on February 20, 2014 (Doc. 40), is VACATED.

3.  Sentencing is set for June 15, 2017, at 1:30 p.m. at the Missouri River Courthouse in Great Falls, Montana.

4.  The United States Probation Office shall conduct a supplemental presentence investigation and prepare a new presentence report omitting Armed Career Criminal designation.  Fed. R. Crim. P. 32(c), (d); 18 U.S.C. § 3552(a).

5.  The probation officer shall disclose the completed report, except for recommendations of the probation officer, to Defendant, counsel for Defendant, and counsel for the government on or before May 5, 2017.  The probation officer shall not disclose any recommendation made or to be made to the Court.

6.  If restitution is mandatory, the probation officer shall discuss a payment plan with Defendant and shall make recommendations to the Court concerning interest and a payment schedule.

7.  Counsel shall attempt in good faith to resolve disputes over any material in the presentence report. Unresolved objections to be relied upon at sentencing

shall be presented to the probation officer on or before May 19, 2017.  U.S.S.G. § 6A1.2.  **Any unresolved objections are expected to be included in the presentence report, not in a sentencing memorandum.**

8.  The presentence report, in final form, including any unresolved objections, shall be delivered to the Court and the parties on or before May 26, 2017.

9.  Sentencing memoranda and supporting documents addressing all relevant sentencing issues shall be filed on or before June 2, 2017.  Absent good cause shown, sentencing memoranda and supporting documents filed after June 2, 2017, will not be considered in addressing sentencing issues.  Failure to timely file sentencing memoranda may result in imposition of sanctions against counsel.

10.  Responses to sentencing memoranda shall be filed on or before June 9, 2017.

11.  Reply briefs will not be accepted for filing in sentencing matters.

12.  The Court will resolve objections included in the Addendum to the presentence report at the sentencing hearing in accordance with U.S.S.G. § 6A1.3.

13.  All parties that intend to have witnesses testify at sentencing shall give notice to this Court ten days prior to the sentencing date.

14.  The United States Marshals Service must transport Ricardo Andre Ross, BOP # 24541-086, to the District of Montana.  Ross must be present in Montana

and available to consult with counsel at least 30 days before sentencing.

15.   When an Amended Judgment is entered in the criminal case, the clerk shall enter judgment in the civil action, by separate document, in favor of Ross and against the United States.

DATED this 6th day of April, 2017.


Brian Morris
United States District Court Judge